# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, CAMPANELLA, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist KENNETH A. COPELAND**
**United States Army, Appellant**

ARMY 20120168

Headquarters, United States Army Cadet Command and Fort Knox
Timothy Grammel, Military Judge
Colonel Robert J. Cotell, Staff Judge Advocate

For Appellant: Colonel Patricia A. Ham, JA; Colonel Edye U. Moran, JA; Lieutenant Colonel Imogene M. Jamison, JA; Major Richard E. Gorini, JA; Captain James S. Trieschmann, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varely, JA; Major Elisabeth A. Claus, JA; Major Alison L. Gregoire, JA (on brief).

31 October 2013

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of five specifications of absence without leave (AWOL) and one specification of willful disobedience of a noncommissioned officer, in violation of Articles 86 and 91, Uniform Code of Military Justice. 10 U.S.C. §§ 886, 891 (2006) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for seven months, forfeiture of all pay and allowances, and reduction to E-1. The convening authority deferred automatic and adjudged forfeitures until action and waived automatic forfeitures for a period of six months, disapproved the adjudged forfeitures, and otherwise approved the adjudged sentence.[1]

---

[1] Appellant was credited with 105 days of confinement credit against the sentence to confinement.

This case is before this court for review pursuant to Article 66, UCMJ. Appellant asks this court to set aside and dismiss his conviction for willfully disobeying a noncommissioned officer based upon the "ultimate offense" doctrine.[2] We disagree.

Appellant stipulated to the facts establishing his willful disobedience. In particular, appellant first went AWOL for 90 days while on mid-tour leave from his deployment to Afghanistan. Within a month after returning to his rear detachment, he did not go to a 0630 formation. The next day, appellant became upset when an Army Emergency Relief loan was not approved and stated that he was taking his children and leaving for another state. As appellant drove off-post, he was followed by a fellow soldier, Specialist (SPC) Krebs, who was telephonically relaying what was happening to both the platoon sergeant and acting First Sergeant. When appellant stopped his car, got out, and confronted SPC Krebs, SPC Krebs conveyed to appellant a specific order from appellant's acting First Sergeant to return to Fort Knox and remain there until his financial situation was resolved. SPC Krebs handed appellant a phone with the platoon sergeant on the line. Understanding that his First Sergeant had ordered him back to Fort Knox immediately, appellant yelled, "F--- you" into the phone, threw the phone at SPC Krebs, and went AWOL for 35 days.

Our superior court's reasoning in *United States v. Pettersen*, 17 M.J. 69, 72 (C.M.A. 1983) succinctly shows why the ultimate offense doctrine does not compel dismissal of the disobedience charge.

> While we must insure that the use of orders is not improperly designed to increase punishment in a given instance, we also must not erode the command structure upon which the military organization is based. The accused's direct defiance of the orders and refusal to return to his unit strikes at the very essence of military order and discipline and cannot be condoned. Such defiance, under the facts of this case, constitutes "the ultimate offense committed" and, as such, is separably chargeable and separably punishable from the absence without leave which had not then been terminated.

(footnote omitted). Applying the above logic, we note that although this is clearly a case where appellant's willful disobedience and AWOL did overlap, they were distinct offenses, separately chargeable and punishable.

---

[2] The matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) do not merit discussion or relief.

## **CONCLUSION**

Upon consideration of the entire record, including consideration of the issues personally specified by the appellant, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court